IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:03CV220-T

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| HERBERT E. KUBALAK, TROY STEVEN MESSER, J. RANDY HERRON, HERRON LAND SURVEYING, PC, a/k/a Herron Surveying, PC, and AMY R. MURRAY, in her official capacity as REGISTER OF DEEDS for HAYWOOD COUNTY, NORTH CAROLINA, NORMAN DOYLE GREEN, JR., and RICKEY OGLE and wife, CRYSTAL D. OGLE, THURMAN A. EVANS JR. and wife, BRENDA EVANS, UNITED COMMUNITY BANK, and GAVIN A. BROWN, TRUSTEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |
| | ) |

## MEMORANDUM

**THIS MATTER** is before the Court on a joint motion by the Plaintiff, United States of America and Defendant Troy Steven Messer, pursuant to Rule 60, Federal Rules of Civil Procedure, and the procedure authorized by the Fourth Circuit in *Fobian v. Storage Technology Corp.*, 164 F.3d 887 (4th Cir. 1999), to amend the judgment in this matter. This case is currently on appeal and there is no jurisdiction in this court to grant the motion unless the procedures in *Fobain*, *supra*, are followed.

The motion to amend the judgment points out that as currently worded, the second full paragraph of the judgment states:

**"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any and all claims by either of the named Defendants to any part or parcel of land or non-public rights-of-way, if any, lying outside the boundaries of the above-described tract and within the adjoining United States property are declared **VOID AND UNENFORCEABLE."**

The parties hereto request that the above language be **amended** to read as follows:

**"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any and all claims by any of the named Defendants to any part or parcel of land or a twenty (20) foot right-of-way lying outside the boundaries of the above-described tract and within the adjoining United States property are declared **VOID AND UNENFORCEABLE."**

The reason for the requested change is that the judgment grants broader relief than was requested by the Plaintiff with regard to the right-of-way issue. In the Complaint at pages 11-13, and in the Brief in Support of its Motion for Summary Judgment at pages 23-24, the United States only sought to have declared null and void the Defendants' claim to a "twenty foot right-of-way" not any and all claims to any right-of-way.

The parties further jointly represent that they are agreeable to this change, that it would aid the appeal of this matter, and further aid their settlement of the entire case.

Upon review of the motion and relevant authorities, and pursuant to the procedure authorized by the Fourth Circuit in *Fobian v. Storage Technology Corp.*, 164 F.3d 887 (4th Cir. 1999), this Court hereby states that if the Court of Appeals remands this case to the District Court to rule upon the pending Rule 60 motion, this court would be inclined to grant that motion.

Signed: July 14, 2006

Lacy H. Thornburg
United States District Judge