**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:03CV220**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **HERBERT E. KUBALAK; TROY STEVEN MESSER; J. RANDY HERRON; HERRON LAND SURVEYING, PC, a/k/a Herron Surveying, PC; AMY R. MURRAY, in her official capacity as Register of Deeds for Haywood County, North Carolina; NORMAN DOYLE GREEN, JR.; RICKEY OGLE and wife, CRYSTAL D. OGLE; THURMAN A. EVANS, JR., and wife, BRENDA EVANS; UNITED COMMUNITY BANK; and GAVIN A. BROWN, Trustee,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on motion of the United States to enforce this Court's Memorandum and Order entered April 18, 2005, and the Amended Judgment filed August 9, 2006. **Plaintiff's Motion to Enforce Order and Judgment Previously Entered, filed August 7, 2008.**

No response has been filed by any of the Defendants other than Defendant Gavin A. Brown, who filed a pleading entitled, "Notice of Special Appearance," on August 25, 2008.

Defendant Brown was named in the Government's amended complaint filed July 20, 2004, in his capacity as Trustee under a deed of trust held by United Community Bank, and was sued "solely with regard to the claims . . . for declaratory and injunctive relief and no damages or costs are sought against [Defendant Brown]." **Amended Complaint, filed July 20, 2004, at 3.** On November 15, 2004, the Government, Defendants Brown and United Community Bank entered into a Stipulation whereby the Defendants Brown and United Community Bank agreed, *inter alia*, they would be bound by the Court's disposition of the case without their participation. The Stipulation was signed by Paul B. Taylor, Assistant United States Attorney, for the Government and Mark A. Pinkston of the Van Winkle law firm for Defendants Brown and United Community Bank. **Stipulation and Consent Order, filed November 15, 2004.** The Court signed the Consent Order provided by the parties. ***Id*. at 4.** Pursuant to such Stipulation, Defendants Brown and United Community Bank did not participate any further in the litigation, except the docket reflects copies of

the Court's Memorandum and Order and Judgment, filed April 18, 2005, and Amended Judgment, filed August 9, 2006, were mailed to the Van Winkle law firm.

The Government alleges in the motion to enforce that Brown filed a proceeding on behalf of Troy Steven Messer, a named Defendant herein, in the state court of Haywood County, North Carolina, in February 2008 that sought to correct a clerical error in the deed at issue herein. ***See* Exhibit 1, *attached to* Government's Motion to Enforce.** According to the Government, the state court granted the relief sought by Brown and Messer and ordered a new deed prepared that contained the same property description rejected by this Court in its Memorandum of 2005. ***See* Exhibit 2, *attached to* Government's Motion to Enforce.** The Government argues the "corrected" deed "contravene[d] this court's order and judgment," and requests the Court to issue an order declaring the "new deed" null and void as well as enjoining Defendants Messer and Brown, along with Leon Killian, III (who prepared the "new deed") from further acts in this regard.

In his "Notice," Defendant Brown moves for dismissal of this proceeding against him pursuant to Fed. R. Civ. P. 12(b) on the grounds

that "he is not a current party to the action, but was only a party to the current action in a representative manner as Trustee under a Deed of Trust held by United Community Bank and in no way ever personally appeared in the action." **Notice of Special Appearance, *supra*.** However, when he agreed to represent Defendant Messer in the special proceeding in state court which purported to "correct" the deed at issue in this litigation, Brown became subject to this Court's jurisdiction pursuant to the All Writs Act. ***See United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977); Government's Response to Motion to Dismiss, filed August 25, 2008, at 2.**

> The power conferred by the [All Writs Act] extends, under appropriate circumstances, to persons who, though not parties to the original action . . . are in a *position* to frustrate the implementation of a court order or the proper administration of justice[.]

***Id.* (emphasis added).** Defendant Brown's motion to dismiss for lack of jurisdiction is denied.

Defendant Brown also asks that the proceeding be dismissed for insufficiency of process because the Government served the motion "on a person not authorized to accept same for this respondent." **Notice of Special Appearance, *supra.*** The certificate of service attached to the

Government's motion does show that it was served on Mark A. Pinkston as attorney for the Defendants Brown and United Community Bank. While it is evident Defendant Brown received notice of the motion and the Government acted in good faith in serving Brown's last known counsel of record, the Court will require the Government to provide Defendant Brown with separate notice of the pending motion and Brown will be afforded an appropriate period of time in which to respond to the merits of said motion.

**IT IS, THEREFORE, ORDERED** that the motion of Defendant Brown to dismiss pursuant to Fed. R. Civ. P. 12(b) is **DENIED.**

**IT IS FURTHER ORDERED** that the motion of Defendant Brown to dismiss for insufficiency of process is **DENIED.**

**IT IS FURTHER ORDERED** that the Government send to Defendant Brown a separate notice and copy of its Motion to Enforce within 10 days from entry of this Order and file proof of such service.

**IT IS FURTHER ORDERED** that the Defendant Brown be afforded 14 days from receipt of the Government's Motion to Enforce to file response.

Signed: August 28, 2008

Lacy H. Thornburg
United States District Judge